| | |
|---|---|
| 1 | **HUSTON | MCCAFFREY, LLP** |
| 2 | Shawn P.K. Huston (SBN 235944) |
|   | Kelly McCaffrey (SBN 265713) |
| 3 | 2171 Ulric Street, Suite 205 |
|   | San Diego, CA 92111 |
| 4 | Phone: (619) 800-1166 |
|   | Facsimile: (888) 528-5471 |
| 5 | |
| 6 | Attorney for Debtor, Susan Bourgeois |

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No.: 12-16096-LA13 |
| SUSAN L. BOURGEOIS, | **DEBTOR SUSAN L. BOURGEOIS' NOTICE OF MOTION AND MOTION TO DETERMINE FINAL CURE AND PAYMENT PURSUANT TO RULE 3002.1(h) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR CREDITORS OCWEN MORTGAGE AND SOCIAL SECURITY ADMINISTRATION** |
| Debtor. | |
| | Date: 04/09/2014 |
| | Time: 10:00 a.m. |
| | Department: Two (2) |

**TO THE HONORABLE COURT AND TO ALL PARTIES:**

Please take notice that on April 9, 2014 at 10:00 am, or as soon thereafter as this matter may be heard in the above-entitled court located at 325 West F Street, San Diego, California 92101, The Debtor, Susan L. Bourgeois ("Debtor" or "Bourgeois"), will move, and so moves, this court to make a determination of the final cure and payment for two creditors that have failed, after being noticed of the filing of bankruptcy, to file a claim in the Debtor's Chapter 13 bankruptcy.

Debtor's Motion To Determine Final Cure And Payment For Ocwen Mortgage and Social Security
- 1 -

1  This motion is based upon the attached memorandum of points and authorities,
2  declaration(s) in support, the complete files and records in this action, and upon such oral and
3  documentary evidence as may be allowed at the hearing of this motion. To that end and pursuant
4  to Federal Rule of Evidence 201, Defendant requests that this Court take judicial notice of its
5  own file. (*Gaise v. Gonzales* (2012) 2012 U.S. Dist. LEXIS 74049; *Shuttlesworth v. City of*
6  *Birmingham, Ala.* (1969) 394 U.S. 147.)

Dated: February 25, 2014                             Respectfully Submitted,

/s/ *Shawn Huston*

Shawn Huston
**HUSTON | MCCAFFREY, LLP**

1  **HUSTON | MCCAFFREY, LLP**
   Shawn P.K. Huston (SBN 235944)
2  Kelly McCaffrey (SBN 265713)
   2171 Ulric Street, Suite 205
3  San Diego, CA 92111
4  Phone: (619) 800-1166
   Facsimile: (888) 528-5471
5

6  Attorney for Debtor, Susan Bourgeois

7

8                    UNITED STATES BANKRUPTCY COURT
9                    SOUTHERN DISTRICT OF CALIFORNIA
10

11  In re:                          ) Case No.: 12-16096-LA13
                                    )
12                                  )
                                    ) **DEBTOR SUSAN L. BOURGEOIS'**
13                                  ) **MEMORANDUM OF POINTS AND**
                                    ) **AUTHORITIES IN SUPPORT OF THE**
14  In re:                          ) **MOTION TO DETERMINE FINAL CURE**
                                    ) **AND PAYMENT PURSUANT TO RULES**
15  SUSAN L. BOURGEOIS,             ) **3002 AND 3002.1(h) OF THE FEDERAL**
                                    ) **RULES OF BANKRUPTCY PROCEDURE**
16           Debtor.                ) **FOR CREDITORS OCWEN MORTGAGE**
                                    ) **AND SOCIAL SECURITY**
17                                  ) **ADMINISTRATION**
                                    )
18                                  )
                                    ) Date: 04/09/2014
19                                  ) Time: 10:00 a.m.
                                    ) Department: Two (2)
20  _____  )

21

22       Debtor, Susan L. Bourgeois ("Debtor" or "Bourgeois"), by and through her undersigned
23  counsel, hereby respectfully submits this Memorandum Of Points And Authorities In Support Of
24  The Motion To Determine Final Cure And Payment Pursuant To Rules 3003 And 3002.1(H) Of
25  The Federal Rules Of Bankruptcy Procedure For Creditors Ocwen Mortgage And Social Security
26  Administration.
27  ///
28  ///

# I. INTRODUCTION

The Court should, pursuant to Federal Rules of Bankruptcy Procedure 3002 and 3002.1, determine that the arrears for creditors Social Security Administration ("Social Security") and Ocwen Loan Servicing, LLC ("Ocwen") (collectively as "Creditors) have been paid in full. The creditors, at issue in this matter, have not filed any proof of claims. Additionally, Ocwen has not responded to the Trustee's notice that the amount required to cure the default on the Ocwen loan has been paid in full.

# II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

On, or about, December 6, 2012, Bourgeois caused to be filed, in the above entitled court, a Chapter 13 bankruptcy filing under case number 12-16096-LA13. The primary purpose of filing the Chapter 13, was to get her back on track, financially. She also wanted to resolve an honest dispute regarding how much she actually owed to two creditors that were demanding payment from her, Social Security and Ocwen. Bourgeois questions whether Ocwen has a valid claim against her, and she believes that she has paid Social Security 100% of any funds that she may owe to that creditor.

Based on the preceding information and a review of Bourgeois' credit report, Debtor's attorneys filed the petition listing Ocwen under Schedule D – Creditors Holding Secured Claims and Social Security under Schedule E – Creditors Holding Unsecured Priority Claims. Bourgeois designated the claims of both creditors as disputed and unliquidated. Both Creditors were aware and had notice that Debtor had filed the instant bankruptcy. Ocwen's attorney has filed a Request For Special Notice for this matter on December 14, 2012. (See Docket # 9) Social Security learned of the filing because they had continued to garnish the Debtor's paychecks after she had filed for Chapter 13 bankruptcy relief. The garnishments stopped after Bourgeois' attorney called and notified Social Security of the bankruptcy filing along with the case number and date of filing (attorney Huston spoke to Lorenzo Richmond (ID # DCQ) at Social Security Administration on January 2, 2013 and successfully stopped the garnishment).

1  Despite the fact that both Creditors were aware of the bankruptcy filing, neither, to date,
2  have filed a claim in this matter as required by Federal Rules of Bankruptcy Procedure, Rule
3  3002. The trustee assigned to this matter is David L. Skelton ("Trustee"). On, or about,
4  November 15, 2013, the Trustee sent to Ocwen a Notice Of Final Cure And Payment And
5  Completion Of Payments Under The Plan to Ocwen. In that notice, Ocwen was to face sanctions
6  or other court action if they did not respond indicating whether Debtor was current on all
7  payments. Ocwen has failed to serve Debtor's attorney with that information. Instead of filing a
8  claim so Debtor can either dispute the claim, or pay the arrears via the Chapter 13 Plan, both
9  Creditors have failed to comply with Federal Rules of Bankruptcy Procedure 3002 and 3002.1.
10 Thus, the Debtor is asking that for both creditors the arrears be deemed paid in full and that the
11 amount owed to Social Security to pay the debt in full is 1$ and the current amount on the
12 Ocwen mortgage be set at $131,008.00.

## III. ARGUMENT

Generally, holders of disputed and unliquidated claims who fail to file timely proofs of claim are not deemed to have allowed claims, and consequently, are not entitled to receive distribution under reorganization plan, pursuant to 11 USCS §§ 1111(a), 502(a) and Bankruptcy Rule 3003(c)(2); such claims are discharged upon confirmation and are no longer obligations of debtor, pursuant to 11 USCS § 1141(d). (*In re Nutri\*Bevco, Inc.* (1990, BC SD NY) 117 BR 771; Federal Rules Of Bankruptcy Procedure 3002; *In re Johnson* (1993, BC ND Ill) 156 BR 557.)

Specifically for unsecured creditors, "Rule 3002(a) states: An **unsecured** creditor or an equity security holder **must** file a proof of claim or interest for the claim or interest to be allowed, except as provided in Rules 1019(3), 3003, 3004, and 3005. [Emphasis added]." (*In re Boucek* (Bankr. D. Kan. 2002) 280 B.R. 533.)

Both the Ocwen and the Social Security debts were scheduled and "provided for" in plan, and thus, these claims should be discharged under 11 USCS § 1328. It is important to note that the Creditors had sufficient knowledge of case to put them on notice to inquire as to steps to

Debtor's Motion To Determine Final Cure And Payment For Ocwen Mortgage and Social Security
- 5 -

take to protect her interests. ( *In re Bourgoin* (2004, BC DC Conn) 306 BR 442; see also *In re Carrillo* (Bankr. N.D. Okla. 1997) 215 B.R. 212 - when creditor receives notice about bankruptcy proceeding, creditor is under inquiry notice that its claim may be affected.).

Pursuant to Federal Bankruptcy Rule 3002.1 the Trustee served upon Ocwen a Notice Of Final Cure Payment And completion of Payments Under The Plan or about November 15, 2103. The relevant parts of Rule 3002.1 states:

> (f) Notice of final cure payment. Within 30 days after the debtor completes all payments under the plan, the trustee shall file and serve on the holder of the claim, the debtor, and debtor's counsel a notice stating that the debtor has paid in full the amount required to cure any default on the claim. The notice shall also inform the holder of its obligation to file and serve a response under subdivision (g). If the debtor contends that final cure payment has been made and all plan payments have been completed, and the trustee does not timely file and serve the notice required by this subdivision, the debtor may file and serve the notice.
>
> (g) Response to notice of final cure payment. Within 21 days after service of the notice under subdivision (f) of this rule, the holder shall file and serve on the debtor, debtor's counsel, and the trustee a statement indicating (1) whether it agrees that the debtor has paid in full the amount required to cure the default on the claim, and (2) whether the debtor is otherwise current on all payments consistent with § 1322(b)(5) of the Code [11 USCS § 1322(b)(5)]. The statement shall itemize the required cure or postpetition amounts, if any, that the holder contends remain unpaid as of the date of the statement. The statement shall be filed as a supplement to the holder's proof of claim and is not subject to Rule 3001(f).
>
> (h) Determination of final cure and payment. On motion of the debtor or trustee filed within 21 days after service of the statement under subdivision (g) of this rule, the court shall, after notice and hearing, determine whether the debtor has cured the default and paid all required postpetition amounts.
>
> (i) Failure to notify. If the holder of a claim fails to provide any information as required by subdivision (b), (c), or (g) of this rule, the court may, after notice and hearing, take either or both of the following actions:
>
> (1) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or
>
> (2) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure. (USCS Bankruptcy R 3002.1.)

1 | Ocwen failed to respond to this notice. Ocwen continues to assert that there are arrearages to be paid on this claim. Therefore, Debtor requests that this Court adopt the Trustees determination that the arrears on this loan has been paid in full and that the current balance on the loan to pay-off 100% of the amount owed on the debt be $131,008.

## IV. CONCLUSION

Based on the above reasons, this Court should grant Debtor's motion asking that for both creditors any arrears be deemed paid in full and that the remaining amount owed to Social Security to pay the debt in full is $1; and the current pay-off amount on the Ocwen mortgage be set at $131,008.00.

Dated: February 25, 2014

Respectfully Submitted,

/s/ *[signature]*

Shawn Huston
HUSTON | MCCAFFREY, LLP

**HUSTON | MCCAFFREY, LLP**
Shawn P.K. Huston (SBN 235944)
Kelly McCaffrey (SBN 265713)
2171 Ulric Street, Suite 205
San Diego, CA 92111
Phone: (619) 800-1166
Facsimile: (888) 528-5471

Attorney for Debtor, Susan Bourgeois

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>SUSAN L. BOURGEOIS,<br><br>Debtor. | Case No.: 12-16096-LA13<br><br>**DECLARATION OF SHAWN HUSTON IN SUPPORT OF DEBTOR SUSAN L. BOURGEOIS' MOTION TO DETERMINE FINAL CURE AND PAYMENT PURSUANT TO RULE 3002.1(h) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR CREDITORS OCWEN MORTGAGE AND SOCIAL SECURITY ADMINISTRATION**<br><br>Date: 04/09/2014<br>Time: 10:00 a.m.<br>Department: Two (2) |

I, Shawn Huston, being of sound and competent mind, say and declare as follows:

1. I am an attorney duly licensed and admitted to practice before this Court. I am counsel for Susan Bourgeois. I have personal knowledge of the facts contained in this declaration, unless stated upon information and belief, and could and would competently testify thereto if called upon to do so.

---
Declaration Of Attorney Shawn Huston In Support Of Debtor's Motion To Determine Final Cure And Payment
- 1 -

2. On, or about, December 6, 2012, Susan Bourgeois met with me and caused to be filed, in the above entitled court, a Chapter 13 bankruptcy filing under case number 12-16096-LA13. (See Docket Report # 1, Case #12-16096-LA13.)

3. We decided that a Chapter 13 filing was in her best interests after she told me that her primary purpose of filing the Chapter 13, was to get her back on track, financially.

4. She also wanted to resolve an honest dispute regarding how much she actually owed to two creditors that were demanding payment from her, Social Security and Ocwen.

5. Specifically Bourgeois questions whether Ocwen has a valid claim against her, and she believes that she has paid Social Security 100% of any funds that she may owe to that creditor.

6. Ocwen was not her original lender and she has never made a payment to Ocwen; the balance due, according to Ocwen's statement (See Exhibit A – Ocwen Statement) to pay the mortgage balance was $131,008.

7. Based on the preceding information and a review of Bourgeois' credit report, I filed the petition and schedules listing Ocwen under Schedule D – Creditors Holding Secured Claims and Social Security under Schedule E – Creditors Holding Unsecured Priority Claims. (See Docket Report # 1, Case #12-16096-LA13.)

8. Bourgeois designated the claims of both creditors as disputed and unliquidated. Both Creditors were aware and had notice that Debtor had filed the instant bankruptcy.

9. Ocwen's attorney, Daniel Singer, has filed a Request For Special Notice for this matter on December 14, 2012. (See Docket Report # 8, Case #12-16096-LA13.)

10. Social Security learned of the filing because they had continued to garnish the Debtor's paychecks after she had filed for Chapter 13 bankruptcy relief. The garnishments stopped after I called and notified Social Security of the bankruptcy filing along with the case number and date of filing (I spoke to Lorenzo Richmond (ID # DCQ) at Social Security Administration on January 2, 2013 and successfully stopped the garnishment).

Declaration Of Attorney Shawn Huston In Support Of Debtor's Motion To Determine Final Cure And Payment
- 2 -

11. Despite the fact that both Creditors were aware of the bankruptcy filing, neither creditor, to date, have filed a claim in this matter as required by Federal Rules of Bankruptcy Procedure, Rule 3002.

12. The trustee assigned to this matter is David L. Skelton ("Trustee"). (See Docket Report, Case #12-16096-LA13.)

13. On, or about, November 15, 2013, I received a copy of a document the Trustee sent to Ocwen entitled, "Notice Of Final Cure And Payment And Completion Of Payments Under The Plan". (See Docket Report # 30, Case #12-16096-LA13.)

14. In that notice, Ocwen was to face sanctions or other court action if they did not respond indicating whether Debtor was current on all payments. (See Docket Report # 30, Case #12-16096-LA13.)

15. Ocwen has failed to serve Debtor's attorney, me, with that information.

16. Both Creditors have failed to comply with Federal Rules of Bankruptcy Procedure 3002 and 3002.1.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct and that this declaration was executed on the 24th day of February 24, 2014 at San Diego, California.

/s/ Shawn Huston

By: Shawn Huston

Declaration Of Attorney Shawn Huston In Support Of Debtor's Motion To Determine Final Cure And Payment
- 3 -

# EXHIBIT A - OCWEN STATEMENT OF ACCOUNT & SERVICING

**OCWEN**                                                                 WWW.OCWEN.COM

April 11, 2012

Susan L Bourgeois
Clifford J Bourgeois
1280 Shari Way
El Cajon, CA 92019

Loan Number:        7100760797
Property Address:   1280 Shari Way, El Cajon, CA 92019

Dear Borrower(s):

Ocwen Loan Servicing, LLC ("Ocwen") is the servicer of the above-referenced loan (hereinafter referred to as "the Debt") for ("Creditor") GSAMP 2003-HE2.

As of April 11, 2012, our records reflect that the current unpaid debt is:

| | |
|---|---|
| Principal | $131,008.00 |
| Interest | $4,371.25 |
| Late Charges | $ 272.82 |
| Collection Costs | $ 0.00 |
| Escrow Advances | $4,740.18 |
| Suspense Balance | $1,250.00 |
| NSF Fees | $ 0.00 |
| Securitized Interest Balance | $ 0.00 |
| Deferred Interest Balance | $ 0.00 |
| Total Due | $139,142.25 |

Please be advised that accrued interest, fees, corporate and escrow advances, and other charges (including prepayment charges if applicable) may be assessed to your account during the period prior to receipt of your payment. Therefore, the total amount due on the day your payment is received by Ocwen may have increased. This letter is in no way intended as a payoff statement for your mortgage. It merely states the amount of the debt as of the date of this letter. In the event you wish to payoff your debt please contact us at (800) 746-2936 to request a payoff statement. Ocwen prefers that all payments be made in certified funds, cashier's check or money order(s) payable to Ocwen Loan Servicing, LLC. Please always include the "Loan Number" with your payment.

Unless, within thirty (30) days after receipt of this notice, you dispute the validity of this debt or any portion thereof, we will assume the debt to be valid. If, within thirty (30) days of your receipt of this notice, you notify us in writing that the debt, or any portion thereof, is disputed, we will:

1. Obtain verification of the debt or, if the debt is founded upon a judgment, we will mail to you a copy of such verification or judgment.
2. If the original creditor is different from the creditor named above, then upon your written request within thirty (30) days of the receipt of this notice we will provide you with the name and address of the original creditor.

If you are experiencing a financial hardship, please contact our Customer Care Center immediately. Our Customer Care Coordinators can assist you or help you set up an appointment with an Ocwen Relationship Manager to discuss mortgage assistance options and explore options to avoid foreclosure. If you have been previously denied a modification, short sale or other resolution by your prior servicer, we may still be able to help you.

For your convenience, you can set up an appointment with a Relationship Manager at any time. To set up an appointment with a Relationship Manager, simply call our Customer Care Center at (800) 746-2936, Monday to Thursday 24 hours a day, Friday 12:00 am to 11:00 pm ET, Saturday 8:00 am to 4:00 pm ET or Sunday 3:00 pm to Midnight ET. Once a Relationship Manager is assigned to you, she/he will be responsible for monitoring your account, making sure that we have all of your critical information and carefully reviewing your situation.

Yours truly,

Customer Care Center
Toll Free Phone: 1 (800) 746-2936

NMLS # 1852

**CORRESPONDENCE ADDRESS:**
Ocwen Loan Servicing, LLC
ATTN: Customer Care Center
P.O. Box 24738
West Palm Beach, FL 33416-4738

DEBVALTR 001

This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.