**HUSTON | MCCAFFREY, LLP**
Shawn P.K. Huston (SBN 235944)
Kelly McCaffrey (SBN 265713)
2171 Ulric Street, Suite 205
San Diego, CA 92111
Phone: (619) 800-1166
Facsimile: (888) 528-5471

Attorney for Debtor, Susan Bourgeois

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

In re:

SUSAN L. BOURGEOIS,

Debtor.

Case No.: 12-16096-LA13

**DEBTOR SUSAN L. BOURGEOIS'S NOTICE OF MOTION AND MOTION TO DETERMINE FINAL CURE AND PAYMENT PURSUANT TO RULE 3002.1(h) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR CREDITORS OCWEN MORTGAGE AND SOCIAL SECURITY ADMINISTRATION**

Date: June 4, 2014
Time: 10:00 a.m.
Room: 118
Department: Two (2)
Judge: Hon. Louise DeCarl Adler

**TO THE HONORABLE COURT AND TO ALL PARTIES:**

Please take notice that on June 4, 2014 at 10:00 am, or as soon thereafter as this matter may be heard in the above-entitled court located at 325 West F Street, San Diego, California 92101, The Debtor, Susan L. Bourgeois ("Debtor" or "Bourgeois"), will move, and so moves, this court to make a determination of the final cure and payment for two creditors that have failed, after being noticed of the filing of bankruptcy, to file a timely claim in the Debtor's

Chapter 13 bankruptcy and Ocwen has failed to respond to the Trustee's Notice Of Final Cure And Payment And Completion Of Payments Under The Plan that was sent to Ocwen.

This motion is based upon the attached memorandum of points and authorities, declaration(s) in support, the complete files and records in this action, and upon such oral and documentary evidence as may be allowed at the hearing of this motion. To that end and pursuant to Federal Rule of Evidence 201, Defendant requests that this Court take judicial notice of its own file. (*Gaise v. Gonzales* (2012) 2012 U.S. Dist. LEXIS 74049; *Shuttlesworth v. City of Birmingham, Ala.* (1969) 394 U.S. 147.)

Dated: April 15, 2014

Respectfully Submitted,

/s/ Shawn Huston

**HUSTON | MCCAFFREY, LLP**

**HUSTON | MCCAFFREY, LLP**
Shawn P.K. Huston (SBN 235944)
Kelly McCaffrey (SBN 265713)
2171 Ulric Street, Suite 205
San Diego, CA 92111
Phone: (619) 800-1166
Facsimile: (888) 528-5471

Attorney for Debtor, Susan Bourgeois

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>SUSAN L. BOURGEOIS,<br><br>Debtor. | Case No.: 12-16096-LA13<br><br>**DEBTOR SUSAN L. BOURGEOIS'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION TO DETERMINE FINAL CURE AND PAYMENT PURSUANT TO RULES 3002 AND 3002.1(h) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR CREDITORS OCWEN MORTGAGE AND SOCIAL SECURITY ADMINISTRATION**<br><br>Date: June 4, 2014<br>Time: 10:00 a.m.<br>Room: 118<br>Department: Two (2)<br><br>Judge: Hon. Louise DeCarl Adler |

Debtor, Susan L. Bourgeois ("Debtor" or "Bourgeois"), by and through her undersigned counsel, hereby respectfully submits this Memorandum Of Points And Authorities In Support Of The Motion To Determine Final Cure And Payment Pursuant To Rules 3003 And 3002.1(H) Of The Federal Rules Of Bankruptcy Procedure For Creditors Ocwen Mortgage And Social Security Administration.

## I. INTRODUCTION

The Court should, pursuant to Federal Rules of Bankruptcy Procedure 3002 and 3002.1, determine that the arrears for creditors Social Security Administration ("Social Security") and Ocwen Loan Servicing, LLC ("Ocwen") (collectively as "Creditors) have been paid in full. The creditors, at issue in this matter, have not filed any proof of claims. Additionally, Ocwen has not responded to the Trustee's notice that the amount required to cure the default on the Ocwen loan has been paid in full.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

On, or about, December 6, 2012, Bourgeois caused to be filed, in the above entitled court, a Chapter 13 bankruptcy filing under case number 12-16096-LA13. (Declaration Of Shawn Huston In Support Of Debtor Susan L. Bourgeois's Motion To Determine Final Cure And Payment Pursuant To Rule 3002.1(H) Of The Federal Rules Of Bankruptcy Procedure For Creditors Ocwen Mortgage And Social Security Administration ("Huston Dec."), ¶ 2.) The primary purpose of filing the Chapter 13, was to get her back on track, financially. (Huston Dec., ¶3.) She also wanted to resolve an honest dispute regarding how much she actually owed to two creditors that were demanding payment from her, Social Security and Ocwen. (Huston Dec., ¶4.) Bourgeois questions whether Ocwen has a valid claim against her, and she believes that she has paid Social Security 100% of any funds that she may owe to that creditor. (Huston Dec., ¶5.)

Based on the preceding information and a review of Bourgeois' credit report, Debtor's attorneys filed the petition listing Ocwen under Schedule D – Creditors Holding Secured Claims and Social Security under Schedule E – Creditors Holding Unsecured Priority Claims. Bourgeois designated the claims of both creditors as disputed and unliquidated. (Huston Dec., ¶6 and 7.) Both Creditors were aware and had notice that Debtor had filed the instant bankruptcy. (Huston Dec., ¶9 and 10.) Ocwen's attorney has filed a Request For Special Notice for this matter on December 14, 2012. (See Docket # 9) Social Security learned of the filing

because they had continued to garnish the Debtor's paychecks after she had filed for Chapter 13 bankruptcy relief. The garnishments stopped after Bourgeois' attorney called and notified Social Security of the bankruptcy filing along with the case number and date of filing (attorney Huston spoke to Lorenzo Richmond (ID # DCQ) at Social Security Administration on January 2, 2013 and successfully stopped the garnishment). (Huston Dec., ¶10.)

Despite the fact that both Creditors were aware of the bankruptcy filing, neither, prior to February 25, 2014, have filed a claim in this matter as required by Federal Rules of Bankruptcy Procedure, Rule 3002. (Huston Dec., ¶11.) The trustee assigned to this matter is David L. Skelton ("Trustee"). (See Docket Report # 1, Case #12-16096-LA13.) On, or about, November 15, 2013, the Trustee sent to Ocwen a Notice Of Final Cure And Payment And Completion Of Payments Under The Plan to Ocwen. (See Docket Report # 30, Case #12-16096-LA13.) In that notice, Ocwen was to face sanctions or other court action if they did not respond indicating whether Debtor was current on all payments. (See Docket Report # 30, Case #12-16096-LA13.) Ocwen has failed to serve Debtor's attorney with that information. I(Huston Dec., ¶15.) Both Creditors have failed to comply with Federal Rules of Bankruptcy Procedure 3002 and 3002.1. (Huston Dec., ¶16.) Thus, the Debtor is asking that for both creditors the arrears be deemed paid in full and that the amount owed to Social Security to pay the debt in full is 1$ and the current amount on the Ocwen mortgage be set at $131,008.00.

## III. ARGUMENT

Generally, holders of disputed and unliquidated claims who fail to file timely proofs of claim are not deemed to have allowed claims, and consequently, are not entitled to receive distribution under reorganization plan, pursuant to 11 USCS §§ 1111(a), 502(a) and Bankruptcy Rule 3003(c)(2); such claims are discharged upon confirmation and are no longer obligations of debtor, pursuant to 11 USCS § 1141(d). (*In re Nutri*Bevco, Inc.* (1990, BC SD NY) 117 BR 771; Federal Rules Of Bankruptcy Procedure 3002; *In re Johnson* (1993, BC ND Ill) 156 BR 557.)

Specifically for unsecured creditors, "Rule 3002(a) states: An unsecured creditor or an equity security holder must file a proof of claim or interest for the claim or interest to be allowed, except as provided in Rules 1019(3), 3003, 3004, and 3005. [Emphasis added]." (*In re Boucek* (Bankr. D. Kan. 2002) 280 B.R. 533.)

Both the Ocwen and the Social Security debts were scheduled and "provided for" in plan, and thus, these claims should be discharged under 11 USCS § 1328. It is important to note that the Creditors had sufficient knowledge of case to put them on notice to inquire as to steps to take to protect her interests. ( *In re Bourgoin* (2004, BC DC Conn) 306 BR 442; see also *In re Carrillo* (Bankr. N.D. Okla. 1997) 215 B.R. 212 - when creditor receives notice about bankruptcy proceeding, creditor is under inquiry notice that its claim may be affected.).

Pursuant to Federal Bankruptcy Rule 3002.1 the Trustee served upon Ocwen a Notice Of Final Cure Payment And completion of Payments Under The Plan or about November 15, 2103. The relevant parts of Rule 3002.1 states:

> (f) Notice of final cure payment. Within 30 days after the debtor completes all payments under the plan, the trustee shall file and serve on the holder of the claim, the debtor, and debtor's counsel a notice stating that the debtor has paid in full the amount required to cure any default on the claim. The notice shall also inform the holder of its obligation to file and serve a response under subdivision (g). If the debtor contends that final cure payment has been made and all plan payments have been completed, and the trustee does not timely file and serve the notice required by this subdivision, the debtor may file and serve the notice.
>
> (g) Response to notice of final cure payment. Within 21 days after service of the notice under subdivision (f) of this rule, the holder shall file and serve on the debtor, debtor's counsel, and the trustee a statement indicating (1) whether it agrees that the debtor has paid in full the amount required to cure the default on the claim, and (2) whether the debtor is otherwise current on all payments consistent with § 1322(b)(5) of the Code [11 USCS § 1322(b)(5)]. The statement shall itemize the required cure or postpetition amounts, if any, that the holder contends remain unpaid as of the date of the statement. The statement shall be filed as a supplement to the holder's proof of claim and is not subject to Rule 3001(f).
>
> (h) Determination of final cure and payment. On motion of the debtor or trustee filed within 21 days after service of the statement under subdivision (g) of this rule, the court shall, after notice and hearing, determine whether the debtor has cured the default and paid all required postpetition amounts.

(i) Failure to notify. If the holder of a claim fails to provide any information as required by subdivision (b), (c), or (g) of this rule, the court may, after notice and hearing, take either or both of the following actions:

(1) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or

(2) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure. (USCS Bankruptcy R 3002.1.)

Ocwen failed to respond to this notice. Ocwen continues to assert that there are arrearages to be paid on this claim. Therefore, Debtor requests that this Court adopt the Trustees determination that the arrears on this loan has been paid in full and that the current balance on the loan to pay-off 100% of the amount owed on the debt be $131,008.

## IV. CONCLUSION

Based on the above reasons, this Court should grant Debtor's motion asking that for both creditors any arrears be deemed paid in full and that the remaining amount owed to Social Security to pay the debt in full is $1; and the current pay-off amount on the Ocwen mortgage be set at $131,008.00.

Dated: April 15, 2014

Respectfully Submitted,

/s/ Shawn Huston

**HUSTON | MCCAFFREY, LLP**

**HUSTON | MCCAFFREY, LLP**
Shawn P.K. Huston (SBN 235944)
Kelly McCaffrey (SBN 265713)
2171 Ulric Street, Suite 205
San Diego, CA 92111
Phone: (619) 800-1166
Facsimile: (888) 528-5471

Attorney for Debtor, Susan Bourgeois

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>SUSAN L. BOURGEOIS,<br><br>Debtor. | Case No.: 12-16096-LA13<br><br>**DECLARATION OF SHAWN HUSTON IN SUPPORT OF DEBTOR SUSAN L. BOURGEOIS'S MOTION TO DETERMINE FINAL CURE AND PAYMENT PURSUANT TO RULE 3002.1(h) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR CREDITORS OCWEN MORTGAGE AND SOCIAL SECURITY ADMINISTRATION**<br><br>Date: June 4, 2014<br>Time: 10:00 a.m.<br>Room: 118<br>Department: Two (2)<br><br>Judge: Hon. Louise DeCarl Adler |

I, Shawn Huston, being of sound and competent mind, say and declare as follows:

1. I am an attorney duly licensed and admitted to practice before this Court. I am counsel for Susan Bourgeois. I have personal knowledge of the facts contained in this declaration, unless stated upon information and belief, and could and would competently testify thereto if called upon to do so.

2. On, or about, December 6, 2012, Susan Bourgeois met with me and caused to be filed, in the above entitled court, a Chapter 13 bankruptcy filing under case number 12-16096-LA13. (See Docket Report # 1, Case #12-16096-LA13.)
3. We decided that a Chapter 13 filing was in her best interests after she told me that her primary purpose of filing the Chapter 13, was to get her back on track, financially.
4. She also wanted to resolve an honest dispute regarding how much she actually owed to two creditors that were demanding payment from her, Social Security Administration and Ocwen.
5. Specifically Bourgeois questions whether Ocwen has a valid claim against her, and she believes that she has paid Social Security Administration 100% of any funds that she may owe to that creditor.
6. Ocwen was not her original lender and she has never made a payment to Ocwen; the balance due, according to Ocwen's statement (See Exhibit A – Ocwen Statement) to pay the mortgage balance was $131,008.
7. Based on the preceding information and a review of Bourgeois' credit report, I filed the petition and schedules listing Ocwen under Schedule D – Creditors Holding Secured Claims and Social Security under Schedule E – Creditors Holding Unsecured Priority Claims. (See Docket Report # 1, Case #12-16096-LA13.)
8. Bourgeois designated the claims of both creditors as disputed and unliquidated. Both Creditors were aware and had notice that Debtor had filed the instant bankruptcy.
9. Ocwen's attorney, Daniel Singer, has filed a Request For Special Notice for this matter on December 14, 2012. (See Docket Report # 8, Case #12-16096-LA13.)
10. Social Security learned of the filing because they had continued to garnish the Debtor's paychecks after she had filed for Chapter 13 bankruptcy relief. The garnishments stopped after I called and notified Social Security of the bankruptcy filing along with the case number and date of filing (I spoke to Lorenzo Richmond (ID # DCQ) at Social Security Administration on January 2, 2013 and successfully stopped the garnishment).

11. Despite the fact that both Creditors were aware of the bankruptcy filing, neither creditor, as of February 25, 2014, have filed a claim in this matter as required by Federal Rules of Bankruptcy Procedure, Rule 3002. Ocwen has subsequently filed a late claim, on or about February 26, 2014 (after Debtor filed a claim on Ocwen's behalf), to which the Debtor has filed an objection to the claim filed by Ocwen.

12. The trustee assigned to this matter is David L. Skelton ("Trustee"). (See Docket Report, Case #12-16096-LA13.)

13. On, or about, November 15, 2013, I received a copy of a document the Trustee sent to Ocwen entitled, "Notice Of Final Cure And Payment And Completion Of Payments Under The Plan". (See Docket Report # 30, Case #12-16096-LA13.)

14. In that notice, Ocwen was to face sanctions or other court action if they did not respond indicating whether Debtor was current on all payments. (See Docket Report # 30, Case #12-16096-LA13.)

15. Ocwen has failed to serve Debtor's attorney, Shawn Huston at Huston | McCaffrey, LLP, with that information.

16. Both Creditors have failed to comply with Federal Rules of Bankruptcy Procedure 3002 and 3002.1.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct and that this declaration was executed on the 15th day of April, 2014 at San Diego, California.

/s/ Shawn Huston

By: Shawn Huston

# EXHIBIT A - OCWEN STATEMENT OF ACCOUNT & SERVICING

OCWEN WWW.OCWEN.COM

April 11, 2012

Susan L Bourgeois
Clifford J Bourgeois
1280 Shari Way
El Cajon, CA 92019

Loan Number: 7100760797
Property Address: 1280 Shari Way, El Cajon, CA 92019

Dear Borrower(s):

Ocwen Loan Servicing, LLC ("Ocwen") is the servicer of the above-referenced loan (hereinafter referred to as "the Debt") for ("Creditor") GSAMP 2003-HE2.

As of April 11, 2012, our records reflect that the current unpaid debt is:

| | |
|---|---|
| Principal | $131,008.00 |
| Interest | $4,371.25 |
| Late Charges | $ 272.82 |
| Collection Costs | $ 0.00 |
| Escrow Advances | $4,740.18 |
| Suspense Balance | $1,250.00 |
| NSF Fees | $ 0.00 |
| Securitized Interest Balance | $ 0.00 |
| Deferred Interest Balance | $ 0.00 |
| Total Due | $139,142.25 |

Please be advised that accrued interest, fees, corporate and escrow advances, and other charges (including prepayment charges if applicable) may be assessed to your account during the period prior to receipt of your payment. Therefore, the total amount due on the day your payment is received by Ocwen may have increased. This letter is in no way intended as a payoff statement for your mortgage. It merely states the amount of the debt as of the date of this letter. In the event you wish to payoff your debt please contact us at (800) 746-2936 to request a payoff statement. Ocwen prefers that all payments be made in certified funds, cashier's check or money order(s) payable to Ocwen Loan Servicing, LLC. Please always include the "Loan Number" with your payment.

Unless, within thirty (30) days after receipt of this notice, you dispute the validity of this debt or any portion thereof, we will assume the debt to be valid. If, within thirty (30) days of your receipt of this notice, you notify us in writing that the debt, or any portion thereof, is disputed, we will:

1. Obtain verification of the debt or, if the debt is founded upon a judgment, we will mail to you a copy of such verification or judgment.
2. If the original creditor is different from the creditor named above, then upon your written request within thirty (30) days of the receipt of this notice we will provide you with the name and address of the original creditor.

If you are experiencing a financial hardship, please contact our Customer Care Center immediately. Our Customer Care Coordinators can assist you or help you set up an appointment with an Ocwen Relationship Manager to discuss mortgage assistance options and explore options to avoid foreclosure. If you have been previously denied a modification, short sale or other resolution by your prior servicer, we may still be able to help you.

For your convenience, you can set up an appointment with a Relationship Manager at any time. To set up an appointment with a Relationship Manager, simply call our Customer Care Center at (800) 746-2936, Monday to Thursday 24 hours a day, Friday 12:00 am to 11:00 pm ET, Saturday 8:00 am to 4:00 pm ET or Sunday 3:00 pm to Midnight ET. Once a Relationship Manager is assigned to you, she/he will be responsible for monitoring your account, making sure that we have all of your critical information and carefully reviewing your situation.

Yours truly,

Customer Care Center
Toll Free Phone: 1 (800) 746-2936

NMLS # 1852

**CORRESPONDENCE ADDRESS:**
Ocwen Loan Servicing, LLC
ATTN: Customer Care Center
P.O. Box 24738
West Palm Beach, FL 33416-4738



*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT Southern District of California | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor: Susan L. Bourgeois | Case Number: 12-16096-LA13 | |
| NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.* | | |
| Name of Creditor (the person or other entity to whom the debtor owes money or property): Ocwen Loan Servicing, LLC for GSAMP 2003-HE2 | | COURT USE ONLY |
| Name and address where notices should be sent: Law Offices Of Les Zieve C/O Daniel I. Singer, Esq. # 24478 18377 Beach Blvd., Suite 210 - Huntington Beach, CA 92648<br>Telephone number: 714 848-7920 email: bankruptcy@zievelaw.com | | ☐ Check this box if this claim amends a previously filed claim.<br>Court Claim Number: 8 *(If known)*<br>Filed on: 2-25-2014 |
| Name and address where payment should be sent (if different from above)<br>Telephone number: email: | | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |

**1. Amount of Claim as of Date Case Filed:** $ 131,008.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Mortgage Loan
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: | 3a. Debtor may have scheduled account as: | 3b. Uniform Claim Identifier (optional): |
|---|---|---|
| 0 7 9 7 | (See instruction #3a) | (See instruction #3b) |

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:** $ 0.00

**Nature of property or right of setoff:** ☑ Real Estate ☐ Motor Vehicle ☐ Other
**Describe:**

**Basis for perfection:**

**Value of Property:** $ 194,000.00

**Amount of Secured Claim:** $ .00

**Annual Interest Rate** 7.49 % ☑ Fixed or ☐ Variable
**(when case was filed)**

**Amount Unsecured:** $ 0.00

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7)

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:** $ 0.00

**Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B10 (Official Form 10) (04/13) 2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "**redacted**".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor. ☐ I am the creditor's authorized agent. ☑ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.) ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Shawn Huston For Susan Bourgeois
Title: Attorney
Company: Huston | McCaffrey, LLP
Address and telephone number (if different from notice address above):
2171 Ulric Street, Suite # 205
San Diego, CA 92111

(Signature) (Date) 2-25-2014

Telephone number: 619 800-1166 email: HustonMcCaffrey@gmail.com

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. *If the claim is filed by an authorized agent,* provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

B10 (Official Form 10) (04/13)

**UNITED STATES BANKRUPTCY COURT** Southern District of California

**PROOF OF CLAIM**

Name of Debtor: Susan L. Bourgeois

Case Number: 12-16096-LA13

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): Social Security Administration

Name and address where notices should be sent: Office Of The regional Chief Counsel, Region
Social Security Administration - 160 Spear Street, Suite 800
San Francisco, CA 94105-1545

Telephone number: 800 772-1213 email:

COURT USE ONLY

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:** 7
*(If known)*

Filed on: 2-25-2014

Name and address where payment should be sent (if different from above):

Telephone number: email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ 1.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Overpayment By Social Security To Debtor
(See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:** | **3a. Debtor may have scheduled account as:** | **3b. Uniform Claim Identifier (optional):** |
|---|---|---|
| 0 2 0 9 | (See instruction #3a) | (See instruction #3b) |

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Other
**Describe:**

**Value of Property:** $______

**Annual Interest Rate** ____% ☐ Fixed or ☐ Variable
**(when case was filed)**

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:** $ 0.00

**Basis for perfection:** ______

**Amount of Secured Claim:** $ 0.00

**Amount Unsecured:** $ 0.00

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:** $ 1.00

**Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "**redacted**".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor. ☐ I am the creditor's authorized agent. ☑ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.) ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Shawn Huston For Susan Bourgeois
Title: Attorney
Company: Huston | McCaffrey, LLP
Address and telephone number (if different from notice address above):
2171 Ulric Street, Suite # 205
San Diego, CA 92111

(Signature) 2-25-2014 (Date)

Telephone number: 619 800-1166 email: HustonMcCaffrey@gmail.com

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

CSD 3010 [04/28/96]

Name, Address, Telephone No. & I.D. No.
HUSTON | MCCAFFREY, LLP
Shawn P.K. Huston (SBN 235944)
2171 Ulric Street, Suite 205
San Diego, CA 92111
Phone: (619) 800-1166

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| | |
|---|---|
| In Re<br>SUSAN L. BOURGEOIS<br>Debtor. | BANKRUPTCY NO. 12-16096-LA13 |
| Plaintiff(s) | ADVERSARY NO. |
| v.<br>Defendants(s) | |

**PROOF OF SERVICE**

I, Shawn Huston, certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that I served a copy of the following documents [describe each document served]:

Notice, Motion, And Declaration of Shawn Huston and Memorandum of Points and Authorities In Support Of Motion To Determine Final Cure And Payment Pursuant To Rule 3002.1(H) Of The Federal Rules Of Bankruptcy Procedure For Creditors Ocwen Mortgage And Social Security Administration - Proof Of Claims For Ocwen & Social Security Admin.

on April 15, 2014 by: Shawn Huston For Susan Bourgeois
[date]

☑ Mail Service - Regular, first class United States mail, postage fully pre-paid, addressed to:

Office of the Regional Chief Counsel, Region IX - Social Security Administration - 160 Spear Street, Suite 800 San Francisco, CA 94105-1545 | Ocwen Loan Servicing, LLC - C/O Daniel Singer - 18377 Beach Blvd., Suite 210 Huntington Beach, CA 92648 | David L. Skelton, Trustee - 525 B Street, Suite 1430 - San Diego, CA 92101

The General Counsel - Social Security Administration - Room 617, Altmeyer Building - 6401 Security Boulevard -

Baltimore, MD 21235-6401 |Ocwen Loan Servicing, LLC - Attn: Bankruptcy Department - P.O. Box 24605 West Palm Beach, FL 33416-4605

Under penalty of perjury, I declare that the foregoing is true and correct.

April 15, 2014
[Date]

[Signature]

| | |
|---|---|
| Print Name | Shawn Huston For Susan Bourgeois |
| Business Address | 2171 Ulric Street, Suite # 205 |
| City, State, ZIP | San Diego, CA 92111 |